IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Vanessa Thomas,                          )
                                         )
                Plaintiff,               )
                                         )        Civil Action No. 9:11-669-SB
v.                                       )
                                         )
Kmart Corporation; Kmart Holding         )        **ORDER**
Corporation; Sears, Roebuck and          )
Company, and Sears Holding               )
Corporation, all d/b/a "Kmart,"          )
                                         )
                Defendants.              )
_____)

This matter is before the Court on Plaintiff Vanessa Thomas's ("Thomas" or "the

Plaintiff") complaint, which alleges the following state law claims: abuse of process,

malicious prosecution, invasion of privacy, defamation, intentional infliction of emotional

distress, defamation, and negligence.   The Defendants filed a motion for summary

judgment on July 30, 2012, to which the Plaintiff responded on September 6, 2012.  On



November 15, 2012, United States Magistrate Judge Bruce Howe Hendricks issued a

report and recommendation ("R&R"), outlining the facts and the law and recommending

that the Court grant the Defendants' motion.  Attached to the R&R was a notice advising

the Plaintiff of her right to file specific, written objections to the R&R within fourteen days

of receipt of a copy.  On December 6, 2012, Thomas filed objections to the R&R as well

as what she termed a "motion to dismiss summary judgment."

## BACKGROUND

Defendant Kmart Corporation ("Kmart") employed the Plaintiff as a loss prevention

associate ("LPA") from May of 2006 until October 31, 2007, when Kmart terminated her

employment for "misappropriation of company merchandise." (Pl.'s Deposition at 36.) While working at the Kmart store in Orangeburg, South Carolina, the Plaintiff's direct supervisor was Dee Brown Johnson ("Johnson"), who was the loss prevention manager at that store. Johnson's supervisor was Ralph Anderson ("Anderson"), who was the loss prevention district manager.

On September 15, 2007, an employee informed Johnson that the Plaintiff was unlocking secured doors after the store was closed for the day, which violated Kmart policy. According to the Defendants, Johnson began an internal investigation into the Plaintiff's actions, and Anderson directed Johnson to begin video surveillance of the Plaintiff. This surveillance allegedly confirmed that the Plaintiff had violated policy by unlocking secured doors after closing; in addition, the Defendants assert that Johnson witnessed, via this surveillance, the Plaintiff engaging in suspicious activity and thereby concluded that the Plaintiff was stealing merchandise.

After terminating the Plaintiff's employment in October of 2007, Kmart hired a law firm to attempt to collect the debt from the Plaintiff. The law firm mailed letters to the Plaintiff referencing South Carolina Code Section 15-75-40 and requesting that the Plaintiff make a payment of $336.00 within a particular time period. (See Entry 46-4 at 2-3.) When the Plaintiff did not respond to these letters, Kmart commenced criminal proceedings against the Plaintiff. On February 20, 2008, officers arrested the Plaintiff while she was attending classes at Claflin University in Orangeburg. After a jury trial in the Orangeburg Municipal Court in September of 2009, the jury found the Plaintiff not guilty of the charges.

2

## STANDARD OF REVIEW

### I.    Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257. When determining whether a genuine issue of material fact exists, the Court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

In addition, the party seeking summary judgment shoulders the initial burden of demonstrating to the Court that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant makes this threshold demonstration, the non-moving party–to survive the motion for summary judgment–may not rest on the allegations in his or her pleadings; rather, the non-moving party must point to specific, material facts that give rise to a genuine dispute. Id. at 324. The existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the motion. Anderson, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*,

490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Thus, a party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

## II.     The Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the R&R to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court may adopt the portions of the R&R to which the plaintiff does not object, as a party's failure to object is

4

accepted as agreement with the conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140, 149-50 (1985)). Moreover, in the absence of specific objections, the Court reviews the matter only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

Although the Plaintiff filed written objections to the R&R, nowhere in her objections does she address the Magistrate Judge's conclusion that the record contains insufficient evidence to pierce the corporate veil of the following Defendants (1) Kmart Holding Corporation, (2) Sears, Roebuck and Company, and (3) Sears Holding Corporation, or to otherwise hold them liable under an alter-ego or blurred identity theory. The Court has reviewed this portion of the R&R in conjunction with the record, and the Court finds no clear error in the Magistrate Judge's recommendation. Accordingly, Defendants Kmart Holding Corporation; Sears, Roebuck and Company; and Sears Holding Corporation are dismissed.

In addition, the Plaintiff does not object to the Magistrate Judge's conclusion that her defamation claim is barred by the statute of limitations and by the common law absolute privilege that protects witnesses' utterances at judicial proceedings. Nor does she object to the Magistrate Judge's determination that the exclusivity provision of the South Carolina Workers' Compensation Act, S.C. Code Ann. § 42-1-540, bars her claims for invasion of privacy, intentional infliction of emotional distress, and negligence. The Court

has reviewed these portions of the R&R in conjunction with the record, and again, the Court finds no clear error. Therefore, the Plaintiff's claims for defamation, invasion of privacy, intentional infliction of emotional distress, and negligence are dismissed.

The Plaintiff does object to the Magistrate Judge's recommendation that the Court grant summary judgment on her abuse of process and malicious prosecution claims. Therefore, the Court will review these portions of the R&R de novo.

## I.     **Abuse of Process**

Under South Carolina law, the two essential elements of an abuse of process claim are (1) an ulterior purpose and (2) a willful act in the use of the process not proper in the conduct of the proceeding. Argoe v. Three Rivers Behavioral Ctr. & Psychiatriac Solutions, 388 S.C. 394, 403, 697 S.E.2d 551, 556 (2010); see also D.R. Horton, Inc. v. Wescott Land Co., LLC, 398 S.C. 528, 551, 730, S.E.2d 340, 351-52 (Ct. App. 2012) (setting forth the same). "The abuse of process tort provides a remedy for one damaged by another's perversion of a legal procedure for a purpose not intended by the procedure." Id.

"An ulterior purpose exists if the process is used to gain an objective not legitimate in the use of the process." First Union Mortg. Corp. v. Thomas, 317 S.C. 63, 74, 451 S.E.2d 907, 914 (Ct. App. 1994).

In D.R. Horton,, the South Carolina Court of Appeals stated:

> The essence of the tort of abuse of process centers on events occurring outside the process, and our courts have noted that "[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or club." Swicegood v. Lott, 379 S.C. 346, 353, 665 S.E.2d 211, 214 (Ct. App.2008) (quoting Huggins v. Winn–Dixie Greenville, Inc., 249 S.C. 206, 209, 153 S.E.2d 693, 694 (1967)). "There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any

formal use of the process itself, which constitutes the tort." Id. (quoting
Huggins, 249 S.C. at 209, 153 S.E.2d at 694).
. . . Nonetheless, "[a]n allegation of an ulterior purpose or 'bad motive,'
standing alone, is insufficient to assert a claim for abuse of process." Id. at
74, 567 S.E.2d at 255. An ulterior purpose, to satisfy that element for abuse
of process, exists if the process is used to gain an objective not legitimate in
the use of the process. Id. at 71, 567 S.E.2d at 253.

398 S.C. at 551, 730 S.E.2d at 352.

In her amended complaint, the Plaintiff asserts that Kmart utilized the provisions of

section 15-75-40 of the South Carolina Code–which sets forth certain civil remedies and

procedures available to the operator of a store against a shoplifter–when it hired a law firm

to pursue payment for the allegedly stolen merchandise.[1]  The Plaintiff argues that once

Kmart utilized section 15-75-40, it no longer had the ability to bring criminal charges against

her. Indeed, as the Plaintiff points out, section 15-75-40(L) provides that "[a] store which

utitlizes the provisions of this section is prohibited from subsequently filing criminal charges

against the individual pursuant to Section 16-13-110." S.C. Code Ann. § 15-75-40(L).

In response, the Defendants argue that interpreting section 15-75-40 as the Plaintiff

has done leads to an absurd result because it means that the operator of a store who

utilizes the statute unsuccessfully has no further remedy. In other words, Kmart argues

that because the Plaintiff never repaid the amount allegedly due and because Kmart never

initiated civil proceedings, it was not precluded from subsequently bringing criminal charges

against her.

In the R&R, the Magistrate Judge first noted that no case law addresses this issue.

---

[1]  As set forth in the background section, Kmart hired a law firm to try to collect
money for the allegedly stolen goods from the Plaintiff. The law firm mailed letters to the
Plaintiff referencing section 15-75-40 and asking the Plaintiff to pay $336.00 within a
specified amount of time. The Plaintiff apparently did not respond to these letters.

7

Nevertheless, the Magistrate Judge evaluated the plain language of the statute and determined that it is plain on its face and contains no qualification. In other words, the statute does not say that "[a] store which *successfully* utilizes the provisions of this section is prohibited from subsequently bringing criminal charges . . . ." Thus, the Magistrate Judge disagreed with Kmart's interpretation of the statute. Nevertheless, the Magistrate Judge determined that "even if Kmart violated Subsection (L), there is no evidence that it did so for an ulterior purpose." (Entry 54 at 11.)

Specifically, the Magistrate Judge reviewed the evidence relied on by the Plaintiff, namely, evidence tending to show that the Plaintiff's supervisor, Johnson, harassed and mistreated the Plaintiff. After considering this evidence, the Magistrate Judge determined that even if the Plaintiff could establish that Johnson–who is not a Defendant in this case–had a personal vendetta against her, the record still contains no evidence of Johnson's relationship to the Defendants at the time Kmart initiated criminal proceedings. In addition, the Magistrate Judge determined that although evidence of Johnson's vendetta against the Plaintiff may be relevant to the Plaintiff's termination, it says nothing about Kmart's motivation for filing criminal charges against the Plaintiff.

In her objections, the Plaintiff first states that Johnson was acting as an agent for Kmart, but then she admits that the decision to bring criminal charges against her was beyond the scope of Johnson's authority, and she states that "the decisions made to pursue the Plaintiff criminally were a collective decision made by the District, Regional, and other company agents superior to Johnson." (Entry 56 at 2.) Next, the Plaintiff contends that Kmart knew or should have known that she and Johnson had a rocky relationship, and that, as a result, Kmart should have evaluated Johnson's allegations more thoroughly. (Id.)

8

The Plaintiff contends that "[t]he Defendant had ulterior purpose because the Defendant could not have had a reasonable belief that the Plaintiff had stolen company property based on such thin evidence as to what was presented in criminal trial." (Id. at 3.) The Plaintiff admits that the evidence at trial included surveillance video of the Plaintiff leaving the front entrance doors with bags of merchandise, but she asserts that the video failed to display the time or date to collaborate Johnson's version of events. (Id.)

After review, the Court agrees with the Magistrate Judge that section 15-75-40 is plain on its face and contains no qualification. In other words, the Court agrees with the Magistrate Judge that assuming Kmart "utilized" section 15-75-40, and specifically section 15-75-40(G)(1), it was "prohibited from subsequently filing criminal charges against the [Plaintiff] pursuant to Section 16-13-110." S.C. Code Ann. § 15-75-40(L). As previously noted, however, the Magistrate Judge determined that "even if" Kmart violated this section, there was no evidence that it did so for an ulterior purpose. (Entry 54 at 11.) The Court does not agree with the Magistrate Judge on the latter point.

"An ulterior purpose exists if the process is used to gain an objective not legitimate in the use of the process." First Union Mortg. Corp., 317 S.C. at 74, 451 S.E.2d at 914. Here, assuming Kmart "utilized" section 15-75-40 by sending her letters requesting that she pay it $336 within a specified time period, it thereafter violated section 15-75-40(L) by subsequently filing criminal charges.[2] Kmart admits that its "sole purpose in pursuing

---

[2]     When the Plaintiff failed to respond to the letters, Kmart initiated criminal proceedings through Johnson, who swore an affidavit estimating the loss to Kmart to be $84. (Entry 47-5 at 2.) It is not clear why Kmart sought $336 from the Plaintiff in its letters when Johnson swore to only $84 in loss, and the Court finds this discrepancy somewhat troubling.

criminal charges against [the Plaintiff] was to obtain restitution from the Plaintiff" and that its "only purpose in following the available civil and criminal procedures was to seek a remedy for Plaintiff's theft." (Entry 47-1 at 12-13.) And while the violation of section 15-75-40(L)–standing alone–*may* not provide sufficient evidence that Kmart acted with an ulterior purpose, the Court believes that Kmart's subsequent initiation of criminal charges against the Plaintiff, without authority and with the apparent aim of obtaining restitution,[3] at the very least creates the inference that Kmart used the criminal process "to gain an objective not legitimate in the use of the process." First Union Mortg. Corp., 317 S.C. at 74, 451 S.E.2d at 914.  In other words, the Court believes that the record contains a genuine issue of material fact as to whether–in bringing criminal proceedings against the Plaintiff for the "sole" purpose of seeking (or perhaps even coercing) the Plaintiff to pay restitution–Kmart used the criminal process "*primarily* to accomplish a purpose for which it [wa]s not designed."[4] D.R. Horton, 398 S.C. at 552, 730 S.E.2d at 351 (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 351 S.C. 65, 75, 567 S.E.2d 251, 255-56 (Ct. App. 2002) (citing Restatement (Second) of Torts § 682 (1977))).  Accordingly, the Court declines to adopt the R&R on this point, and the Court denies the Defendants'

___

[3] The Court notes as a practical matter that South Carolina Code Section 16-13-110 itself does not provide for restitution.

[4] Although the Court has not been able to find a case directly on point, the Court notes that in Huggins v. Winn-Dixie Greenville, Inc., the South Carolina Supreme Court determined that a cause of action for abuse of process should have proceeded to the jury "on the theory that the criminal process of the court was used for the ulterior purpose of coercing the plaintiff into paying ten dollars for merchandise that the store manager 'felt' he had previously taken, rather than for the sole purpose for which it could have been intended, viz., to punish the plaintiff for 'shoplifting' two packages of ham." 249 S.C. 206, 212, 153 S.E.2d 693, 696 (1967).

motion for summary judgment on the Plaintiff's abuse of process claim.

## II.    **Malicious Prosecution**

To recover in a malicious prosecution action, a plaintiff must prove the following: (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in the plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage. Broyhill v. Resolution Mgmt. Consultants, Inc., 736 S.E.2d 867, 870-71 (Ct. App. 2012) (citing Ruff v. Eckerds Drugs, Inc., 265 S.C. 563, 566, 220 S.E.2d 649, 651 (1975). Malice is 'the deliberate intentional doing of a wrongful act without just cause or excuse.'" McBride v. School Dist. of Greenville County, 389 S.C. 546, 565, 698 S.E.2d 845, 855 (Ct. App. 2010) (quoting Eaves v. Broad River Elec. Coop., Inc., 277 S.C. 475, 479, 289 S.E.2d 414, 416 (1982)).

Here, the Magistrate Judge again determined that the Plaintiff could not rely on any alleged private animus that Johnson had against her to establish legal malice in Kmart's prosecution of her. In addition, the Magistrate Judge noted that even if Kmart was wrong to have believed Johnson's version of events, such error would not establish that Kmart acted with malice. Finally, the Magistrate Judge determined that Kmart had probable cause based on its reasonable investigation and its good faith belief that the Plaintiff had stolen merchandise from the store.

In her objections, the Plaintiff states that Kmart acted with malice when it deliberately proceeded to file criminal charges against her despite a lack of evidence. (Entry 56 at 4.) The Plaintiff reiterates her belief that Kmart should not have relied on Johnson's judgment and that Johnson's self-interest is what motivated the investigation

11

and prosecution of her.

After consideration, the Court disagrees with the Magistrate Judge and believes that genuine issues of material fact preclude the Court from granting summary judgment on this claim at this time. First, the Court disagrees with the Magistrate Judge that the evidence of Johnson's alleged animus towards the Plaintiff is irrelevant. In other words, the Court believes that a genuine issue of material fact exists as to whether Kmart knew or should have known of the alleged personal problems between the Plaintiff and Johnson (who was an agent of Kmart), such that Kmart should have scrutinized Johnson's allegations more carefully. In that same vein, the Court believes that a genuine issue of material fact exists as to whether probable cause existed. Finally, the Court believes that a genuine issue of material fact exists as to whether Kmart acted with malice when it initiated criminal proceedings against the Plaintiff in violation of section 15-75-40(L) and with an aim to accomplish a purpose other than that for which the criminal process was intended to accomplish. Accordingly, the Court declines to adopt the R&R on this issue, and the Court denies' the Defendants' motion for summary judgment on the Plaintiff's malicious prosecution claim.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED that the R&R (Entry 54) is adopted only in part**. First, the Court affirms the Magistrate Judge's dismissal of Defendants (1) Kmart Holding Corporation, (2) Sears, Roebuck and Company, and (3) Sears Holding Corporation. Second, the Court affirms the Magistrate Judge's rulings on the Plaintiff's claims for defamation, invasion of

privacy, intentional infliction of emotional distress, and negligence. **Therefore, these Defendants and these claims are dismissed.**

Next, however, the Court finds that genuine issues of material fact exist with respect to the Plaintiff's abuse of process and malicious prosecution claims. Therefore, **the Court declines to adopt the R&R with respect to these issues and declines to grant the Defendants' motion for summary judgment on the Plaintiff's abuse of process and malicious prosecution claims**.

In conclusion, the Court **grants in part and denies in part the Defendants' motion for summary judgment (Entry 47)**, and the Court **grants in part and denies in part the Plaintiff's motion to dismiss summary judgment (Entry 57)**.

This case shall proceed between the Plaintiff and Defendant Kmart Corporation on the Plaintiff's abuse of process and malicious prosecution claims only.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March **26**, 2013
Charleston, South Carolina

13